IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| Zedrick Maurice Smalls,<br><br>　　　　　Plaintiff,<br>　v.<br><br>State of South Carolina,<br><br>　　　　　Defendant. | Case No. 2:23-cv-3507-RMG<br><br>**ORDER** |

This matter is before the Court on the Report and Recommendation ("R & R") of the Magistrate Judge, recommending that the Court decline to give Plaintiff leave to amend and dismiss this action without prejudice and without issuance and service of process. (Dkt. No. 5). Plaintiff has filed no objections to the R & R. The Court adopts the Report and Recommendation of the Magistrate Judge and dismisses this action without prejudice and without service of process.

Plaintiff, a pretrial detainee acting *pro se*, brought this action under 42 U.S.C. § 1983, alleging a denial of his right to a speedy trial in a pending state criminal proceeding and seeking dismissal of his state criminal charges, which include criminal sexual contact with a minor of the second and third degrees. The Magistrate Judge identified in her R & R numerous legal bases for dismissal of this action, which include (1) the Defendant State of South Carolina is not a "person" under § 1983 and is, thus, not a proper party in such an action; (2) settled United States Supreme Court precedent, most notably *Younger v. Harris*, 401 U.S. 37 (1971), make it clear that a federal court should not interfere with ongoing state criminal proceedings except in exceptional circumstances not present here; (3) Plaintiff's requested relief, dismissal of charges and release from state custody, are not proper under a § 1983 action. (Dkt. No. 5 at 4-7).

1

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility for making a final determination remains with this Court. *Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). This Court is charged with making a *de novo* determination of those portions of the Report and Recommendation to which specific objection is made. Additionally, the Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). This Court may also "receive further evidence or recommit the matter to the magistrate judge with instructions." *Id.* Where the plaintiff fails to file any specific objections, "a district court need not conduct a de novo review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation," *see Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (internal quotation omitted), and this Court is not required to give any explanation for adopting the recommendation of the Magistrate Judge, *Camby v. Davis*, 718 F.2d 198 (4th Cir. 1983).

After a careful review of the record in this matter and the R & R of the Magistrate Judge, the Court finds that the R & R ably summarizes the legal and factual issues in this matter and correctly concludes that this action should be dismissed without prejudice and without service of process. The Court further agrees that any effort to amend the complaint would be futile in light of the significant legal deficiencies in Plaintiff's claim.

The Court adopts the R & R of the Magistrate Judge (Dkt. No. 5) as the order of the Court. This action is dismissed without prejudice and without issuance and service of process.

**AND IT IS SO ORDERED**.

                                                       s/ Richard Mark Gergel
                                                       Richard Mark Gergel
                                                       United States District Judge

August 23, 2023
Charleston, South Carolina